# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------------x
Date:  **October 17, 2006**                                                          :
----------------------------------------------------------------------------------------x
In re:                                                                               :
                                                                                     :   Case No. 05-45706 (**AJG**)
John T. Chase,                                                                       :   Chapter 7
                                          Debtor.                                    :
----------------------------------------------------------------------------------------x

Present:        Hon. Arthur J. Gonzalez        Jacqueline DePierola        _____
                Bankruptcy Judge                Courtroom Deputy            Court Reporter


Debtor                         John T. Chase                    Pro se
Defendant/Respondent           Kristin Chase by Lewis W. Siegel, Esq.


**Proceedings:**   ☒   **Petition by Debtor for Contempt and Injunction**
                       **Reconsideration under Rule 60(b)**


**Orders:**        ☒   **For the reasons set forth in Exhibit A attached hereto, 1) the *sua sponte* motion to reconsider**
                       **is Withdrawn, and to the extent it was adopted by the Debtor, it is Denied, and 2) the**
                       **Debtor's Petition for Contempt and Injunction is Denied.**

_____


        FOR THE COURT: Kathleen Farrell, Clerk of the Court


        BY THE COURT:

        **s/Arthur J. Gonzalez**              10/18/06                  s/ Jacqueline DePierola
        United States Bankruptcy Judge         Date                      Courtroom Deputy

**EXHIBIT A**

On October 12, 2006, at the hearing to address the Petition for Contempt and Injunction (the "Second Contempt Motion") of John Chase (hereafter referred to as the "Debtor") to hold Mrs. Chase in contempt for seeking enforcement of a contempt order issued by the state court, this Court determined that the state court contempt order was civil, not criminal. See *In re Bezoza*, 271 B.R. 46 (Bankr. S.D.N.Y. 2002). Further, at the October 12, 2006 hearing (the "October Hearing"), applying Rule 60(b) of the Federal Rules of Civil Procedure, incorporated into Federal Bankruptcy Rule 9024; the Court stated that it would reconsider, *sua sponte*, its July 19, 2006 order (the "July Order") denying the Debtor's attempt to hold certain parties, including Mrs. Chase, in contempt for violating the section 362 automatic stay for continuing to seek in state court a maintenance award issued by that court. The Debtor argued by his Motion for Contempt for Violating the Automatic Stay (the "First Contempt Motion"), which resulted in the July Order, that certain parties, including Mrs. Chase, were seeking the collection of equitable distribution and not pursuing support and maintenance. Rule 60(b) provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60.

1

The Court's determination to reconsider the matter was based on its initial review of certain issues the Court thought, at that time, may require reconsideration.

Regarding the Second Contempt Motion, the Debtor argued two separate bases for contempt. The first basis for contempt was that the state order for which Mrs. Chase was seeking enforcement sought to collect the debt at issue from property of the estate. The second basis for contempt was founded upon the same arguments presented by the Debtor at the June 21, 2006 hearing (the "June Hearing") that resulted in the entry of the July Order. The state court contempt order required the Debtor to pay $39,243.00 for past due maintenance by October 14, 2006 or be subject to arrest for contempt of that order. The Debtor sought by the Second Contempt Motion to hold various parties in contempt for proceeding in the state court for what the Debtor described as an attempt to collect an award of equitable distribution and not an award for maintenance.

The Court scheduled various submissions by the parties and scheduled an evidentiary hearing for the purpose of addressing certain issues that, as stated above, upon the Court's initial review of the July Order may have been appropriate for reconsideration. However, since the October Hearing, the Court has reviewed its determination to reconsider the matter under Rule 60(b) and the applicable standard; and upon further review of the record, the Court has found no grounds to reconsider the July Order under Rule 60(b). For the reasons set forth on the record, the *sua sponte* motion to reconsider is withdrawn, and to the extent it was adopted by the Debtor, it is denied.

Regarding the argument that principles of preclusion bar the relief sought by the Second Contempt Motion, the Debtor did not appeal the July Order or move the Court to reconsider the matter, pursuant to Bankruptcy Rule 9023 or 9024. While the Court has

2

afforded the Debtor a great deal of procedural latitude because he is appearing *pro se* in these proceedings, the Court cannot ignore the finality of the July Order and the fact that the issues before this Court are exactly the same as those before the Court in the July Order.  This Court finds the issue presented in the Second Contempt Motion of whether or not Mrs. Chase's actions violated the automatic stay is precluded from being relitigated under the principles of res judicata and collateral estoppel.

Regarding the preclusive effect of the July Order, the Court heard the First Contempt Motion in the June Hearing.  The Debtor alleged, among other things, that Mrs. Chase's efforts to collect $39,243.00 violated the automatic stay.  The Court evaluated the record from the state court proceedings and parties' submissions and found that the debt owed to Mrs. Chase was nondischargeable because it was in the nature of support and maintenance.  The Court considered, among other things, the payments made by Mrs. Chase for household maintenance, utilities, and nursery school, in addition to her portion of the child support obligation and her status as the custodial parent at the time.  Further, the Court considered that the state court declined to award to Mrs. Chase an award for "temporary maintenance."  However, the payments at issue evidence in large part child support payments in the context of education and shelter, etc.  It is important to note that the Bankruptcy Court is not bound by the state court's determination of an obligation with labels such as support, maintenance or equitable distribution.

"Among the factors which the Court is to consider are whether the parties intended to create a support obligation, the length of the marriage, the earning power of the spouses, whether there were dependent children of the marriage and whether the obligation in question had the actual effect of providing support*." Jones v. Herbert (In re*

3

*Herbert)*, 304 B.R. 67, 77 (Bankr. S.D.N.Y. 2004) (Citing *In re Eisenberg*, 18 B.R. 1001, 1003 (Bankr. S.D.N.Y. 1982); and *In re Cacolici*, 108 B.R. 578, 583 (Bankr. N.D. Ohio, 1989)).

The Court also took into consideration the October 12, 2004 Order of the State of New York Supreme Court, requiring Mrs. Chase to receive a credit to be paid from the Debtor's share of the sale of the residence for any sums expended by her or on her behalf to reinstate the mortgage on the premises. In taking into account the amounts paid for child support, other payments made by Mrs. Chase, and the possible credit upon the sale of the house, the Court found that the Debtor's payment of the mortgage and obligation to bring the mortgage current should be considered support for the purpose of considering whether it is dischargeable under applicable bankruptcy law.

The Court also considered the Debtor's claims that Mrs. Chase has sought payment from assets that are property of the estate. Mr. Roy Babitt has been appointed the Chapter 7 Trustee for this matter and his responsibilities include reviewing the debtor's petition and schedules, liquidating the property of the estate, and making distributions to creditors. If Mrs. Chase's collection efforts included seeking payment from assets that are considered property of the estate, Mr. Babbit would have brought it to the Court's attention. Regarding the Second Contempt Motion, Mr. Babbit filed a statement indicating that he was not taking a position on the Second Contempt Motion and only asserted that the Debtor would not be able to use prepetition property to make any payments under a state court order. Further, there is no evidence that Mrs. Chase has sought, in any way, to pursue collection efforts of property that is part of the bankruptcy

4

estate.  Therefore, the Court denied all the relief sought by the Debtor and entered the July Order.

The issue presented to the Court by the Second Contempt Motion is identical to the issue that was raised in the First Contempt Motion.  The Debtor is seeking to characterize the payment obligation to Mrs. Chase under the state court order as something other than "support, maintenance or alimony," which would render her conduct a violation of the automatic stay.

The use of collateral estoppel "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26, 37 (2d Cir. 2005) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 599-600, 92 L. Ed. 898, 68 S. Ct. 715 (1948)).

In *Central Hudson Gas & Electric Corporation v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995), the United States Court of Appeals for the Second Circuit held that four elements must be met for collateral estoppel to apply

> (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been "full and fair opportunity" for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits.

As set forth below, the Court finds that the July Order precludes the Debtor from relitigating the issues raised by the Second Contempt Motion.

The first element of the *Central Hudson* test requires the issues of both proceedings to be identical.  The Debtor filed his case prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).  The

5

applicable law in this matter is the Bankruptcy Code prior to the amendments.  Under section 362(b)(2)(B) prior to the amendments, the stay does not preclude a party from collecting, "alimony, maintenance or support from property that is not property of the estate."  (The Court notes that the amendment would not provide a more favorable result for the Debtor.)  The Court determined that the nature of the obligations were support and maintenance, validating Mrs. Chase's ability to bring civil contempt proceedings, so long as she was attempting to collect from property that was not property of the estate.  The issue in the Second Contempt Motion is identical to the issues presented under the First Contempt Motion.  Again, the Debtor seeks a finding that Mrs. Chase's pursuit of her rights under the state order is a violation of the automatic stay.  The Court finds that the issues of both proceedings are identical, in satisfaction of the first element of collateral estoppel.

The second element necessary for collateral estoppel to apply requires a showing that the relevant issues were actually litigated and decided in the prior proceeding.  In the June Hearing regarding the First Contempt Motion, the Debtor presented the issue of whether or not Mrs. Chase's actions violated the automatic stay.  The Court found that Mrs. Chase's actions did not violate the automatic stay because her efforts to collect were in regard to nondischargeable debts related "support, maintenance or alimony" and she attempted to collect those debts from property that was not property of the estate.  Clearly, the second element of collateral estoppel was satisfied because the Court's July Order evidences the actual litigation of the relevant issues and the Court's finding that Mrs. Chase did not violate the automatic stay.

6

The third element necessary to show collateral estoppel is that there must have been a full and fair opportunity for the litigation of the issues in the prior proceeding. This Court heard the First Contempt Motion at the June Hearing. In order to determine whether a party had a full and fair opportunity to litigate the issues in the prior proceeding, the Court considered

> …'the various elements which make up the realities of litigation,'…including 'the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indication of a compromise verdict, differences in the applicable law and foreseeability of future litigation.'

*Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 734 (2d Cir. 2001) (quoting *Schwartz v. Public Adm'r*, 24 N.Y.2d 65, 72, 298 N.Y.S.2d 955, 961, 246 N.E.2d 725 (1969)).

The Debtor brought the First Contempt Motion in the proper forum for determining whether or not there has been a violation of the automatic stay under section 362 of the Bankruptcy Code. The Debtor initiated the proceedings against Mrs. Chase for contempt in relation to allegations of violating the automatic stay. The Court finds the third element of collateral estoppel has been satisfied because the Debtor was provided a "full and fair opportunity" to litigate any issues before the court. Furthermore, there is no evidence that the Debtor was unable to fully raise the same legal or factual issues in the June Hearing that he attempts to raise by the Second Contempt Motion.

The fourth element for determining if collateral estoppel is applicable is whether or not the issues were necessary to support a valid and final judgment on the merits. In determining whether or not there was a violation of the automatic stay, the Court looked at the characteristics of the payments involved. In the June Hearing, the Court held that

7

the payments constituted support and were nondischargeable. Since the collection of nondischargeable debts for spousal support from property that is not property of the estate is allowed, the issues raised in the First Contempt Motion satisfy the fourth element of collateral estoppel because they were necessary to support the Court's final determination that the automatic stay was not violated.

The Court finds that it was precluded from hearing the Debtor's Second Contempt Motion because doing so would constitute the relitigation of the issue presented in the First Contempt Motion.

In addition, the Court notes that upon further review of the July Order, there are no allegations presented by the instant motion that would indicate that the ruling was not properly supported by the facts as presented in the submissions.

In issuing this order, all deadlines related to any required submissions and filings are rendered moot. Considering the agreement of Mrs. Chase to refrain from seeking enforcement of the state court order until the Court's determination following the October 24, 2006, which hearing by this opinion has been rendered moot, the Court finds it appropriate under the circumstances to provide that the order to be entered on October 18, 2006 regarding the instant motion is effective, for purposes of enforcing the state court contempt order, as of October 24, 2006 at 10:00 AM.