**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re                                            :        Chapter 7
                                                 :
    JOHN T. CHASE,                       :        Case No. 05-45706 (AJG)
                                                 :
                Debtor.       :
--------------------------------------------------------x

**ORDER DENYING MOTION TO PROCEED**
**IN FORMA PAUPERIS WITHOUT PREJUDICE**

Before the Court is the application of John T. Chase (the "Debtor"), acting *pro se*, seeking leave to proceed *in forma pauperis* in connection with his appeal from the order entered by this Court on October 18, 2006, withdrawing the *sua sponte* motion to reconsider and denying the Debtor's Petition for Contempt and Injunction. Because the Court is uncertain as to its authority to grant the relief that the Debtor seeks, the application is denied without prejudice to the Debtor's right to seek the same relief in the district court.

The authority to proceed *in forma pauperis* is found in section 1915(a)(1) of title 28 of the United States Code, which provides, in relevant part

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Section 1915(a)(1) gives express authorization to any "court of the United States" to grant a litigant's request for relief to proceed *in forma pauperis*.

Section 451 defines "court of the United States" in relevant part as follows

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

The terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title.

The term "judge of the United States" includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.

The statutory language of section 451 does not include the bankruptcy courts within the definition of "court of the United States." Although legislation was enacted under the Bankruptcy Reform Act of 1978 to amend the definition of section 451 to include the bankruptcy court as a "Court of the United States," the legislation never took effect. See *In re Buck,* 157 B.R. 247, 249 (Bankr. D. Pa. 1993).

Despite the absence of the bankruptcy court from the definition contained in section 451, the statutory provisions establishing the bankruptcy court and bankruptcy judges create some uncertainty as to whether the bankruptcy courts should be considered a "court of the United States."

The bankruptcy courts were created under chapter 6 of title 28 of the United States Code. Section 151 of title 28 of the United States Code establishes the bankruptcy court as a unit of the district court.[1] Section 152(a)(1) states that "[e]ach bankruptcy judge shall be appointed for a term of fourteen years," and "shall serve as judicial officers

---

[1] Section 151 provides

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

2

of the United States district court established under Article III of the Constitution."

Section 157(b) provides

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

In determining whether the bankruptcy court has the authority to grant *in forma pauperis* relief under section 1915(a), a split in authority has arisen as to whether the bankruptcy court qualifies as a "court of the United States" because it is a "unit of the district court."[2]  Neither our own district court nor the Second Circuit has addressed the issue of whether the bankruptcy court has the authority to grant *in forma pauperis* relief, particularly with respect to other proceedings such as an appeal, as a "court of the United States."

It is also important to note that the Debtor filed his petition on October 12, 2005. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective for all cases filed on or after October 17, 2005.  Subsection 1930(f) of title 28 of the United States Code was added through BAPCPA and allows the bankruptcy court, as well as the district court, to waive certain fees.[3]

---

[2] Compare *In re Perroton*, 958 F.2d 889, 893 (9th Cir. 1992) (bankruptcy court is not a "court of the United States" under section 451 and does not have the authority to waive fees); *In re Buck*, 157 Bankr. 247, 249 (Bankr. W.D. Pa. 1993) (bankruptcy courts lack the authority to grant a request to proceed *in forma pauperis* under section 1915(a)); *In re Bauckey*, 82 Bankr. 13 (Bankr. D. N.J. 1988) (bankruptcy courts do not have the authority to waive filing fees); *In re Brickell Inv. Corp.*, 922 F.2d 696, 699 (11th Cir. 1991), with *In re McGinnis*, 155 Bankr. 294 (Bankr. D. N.H. 1993) (bankruptcy court permitted debtor to bring adversary proceedings *in forma pauperis*); *In re Sarah Allen Home, Inc.,* 4 Bankr. 724 (Bankr. E.D. Pa. 1980); *In re* Grewe, 4 F.3d 299, 304 (4th Cir. 1993), (citations omitted) (because bankruptcy courts are, for jurisdictional purposes, inseparable from the district court, Congress did not think it was necessary to include them in the statute); and *In re Yochum*, 89 F.3d 661 (9th Cir. 1996).

[3] Section 1930(f) of title 28 of the United States Code provides

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised

3

Although a few of the provisions of BAPCPA were made effective prior to October 17, 2005, section 1930(f) was not. Although the Debtor filed his notice of appeal after the effective date of BAPCPA and section 1930(f) may permit the bankruptcy court to waive certain fees, section 1930(f) of title 28 of the United States Code is not applicable to the Debtor's case because the Debtor filed his voluntary petition prior to the enactment of BAPCPA.

While the district court is explicitly listed as a "court of the United States" under section 451 and has authority pursuant to section 1915(a) to grant the Debtor the relief if it is warranted, it is unclear whether a bankruptcy judge as a "judicial officer" of the district court under section 152(a)(1) has the authority of a "judge of the United States," as defined in section 451, to grant such relief.

Therefore, the Debtor's motion is denied without prejudice. Further, the clerk of the bankruptcy court is instructed to transmit the record to the district court with a copy of this order. The clerk should also include an appropriate notation on the record that the filing fees have not been paid.

Dated: New York, New York
       November 27, 2006

                                        s/Arthur J. Gonzalez
                                        UNITED STATES BANKRUPTCY JUDGE

---

annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

(2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).

(3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

4